JOHN H. SERRANO, SBN 086432
Law Office of John Serrano
209 West Second Street
Yuma, AZ. 85364
(928) 271-5032
serranolaw@gmail.com

Attorney for Lance Ricotta

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANCE RICOTTA,** | CASE #  **'13CV1454 DMS WVG** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983) AND PENDENT STATE CLAIMS** |
| **COUNTY OF IMPERIAL, CA.; DOES 1-20, et al,** | (DEMAND FOR JURY TRIAL) |
| Defendants. | |

## GENERAL ALLEGATIONS

1.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C.§ 1983.

2. Plaintiff is and at all material times mentioned herein, was a resident of the State of Arizona.

3. At all times mentioned herein, defendants Does 1-20 were employees of defendant COUNTY OF IMPERIAL and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants, and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, custom and usages of the State of California. Defendants Does 1-20 are sued individually and in their capacity as Deputy Sheriffs for the COUNTY OF IMPERIAL.

4. Defendant COUNTY OF IMPERIAL is a county of the State of California existing pursuant to the Constitution and Laws of the State of California.

5. Plaintiff is informed and believes and therefore alleges that at all times mentioned herein each of the Defendants was agent, servant and/or employee of each of the remaining Defendants and was, in doing the acts herein alleged, acting with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that Plaintiff's injuries were proximately caused by the actions of each.

6. Prior to the filing of this complaint, and on or about October 25, 2012, Plaintiff filed an administrative claim against the defendant COUNTY OF IMPERIAL and the Doe defendants pursuant to Section 910 of the Government Code. Said claim was delivered to the Clerk of the Board of Supervisors and thereafter denied by the County of Imperial.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

7.      On or about June 16, 2012 Lance Ricotta and his friends and business associates were enjoying a day boating, swimming and relaxing on the Colorado River near Fisher's Landing. Mr. Ricotta and his group pulled off the main river channel and stopped in an inlet named Clear Lake and were talking, swimming and floating on the water when an Imperial County Sheriff's boat entered the area at a speed which created a sufficiently large wake to move Plaintiff's boat and potentially cause damage to it or the swimmers. Mr. Ricotta's guests were floating and swimming in the water. Mr. Ricotta verbally requested that the defendants, Does 1-3, slow down. His request was ignored and one of the Defendants shouted that it was not a "wake free zone" as the Sheriff's boat and the deputies left the area.

8.      Shortly thereafter Plaintiff collected his guests and started his boat, left Clear Lake and reentered the main channel of the Colorado River. Plaintiff observed the Deputies near the entrance of Clear Lake. About 10 minutes later Mr. Ricotta was accosted by the same Deputies he had observed earlier near the exit of Clear Lake. Plaintiff was stopped without probable cause to believe a crime had been committed by Deputies who activated their siren and lights to stop Mr. Ricotta, allegedly because he was creating too large of a wake. Mr. Ricotta drove his boat to the nearby Fisher's Landing where he was taken into custody and handcuffed with his hands behind his back.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

9. Mr. Ricotta was placed into the Deputies' boat for transportation down river. He was not secured with a seat belt or other safety equipment when ordered to sit in the boat. The Deputy operating the boat then deliberately/negligently accelerated the boat so as to cause Mr. Ricotta to lose his balance, fall and strike his head and body on the engine and transom. Mr. Ricotta requested aid from the deputies and was ignored.

10. As the boat continued downriver the deputy operating the craft accelerated the boat and then deliberately/negligently ran it aground on the river bank so that Mr. Ricotta was hurled against the boat and sustained further injuries.

11. Mr. Ricotta again requested aid and/or medical assistance but was ignored.

12. When the boat reached the location where Mr. Ricotta was to be transferred to a Sheriff's vehicle, Plaintiff was ordered to get up. When he responded that he could not move the defendant Doe Sergeant kicked the Plaintiff, ordered him to get up and cursed at him. The Sergeant and three other deputies roughly pulled the injured Plaintiff out of the boat and laid him on the dock. The dock was made of aluminum and it was a very hot day. Plaintiff was laid down on the hot dock. Mr. Ricotta pleaded to be moved off the hot dock but his request was ignored. Instead, the Deputies told Mr. Ricotta he was going to be a lot more uncomfortable when he was sexually abused by the inmates who were waiting for him at the Imperial County jail. He suffered great physical discomfort and mental anguish.

/

## FIRST CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS)

13.     Plaintiff realleges and incorporate by reference each and every allegation contained in paragraphs 1 through 12 above as though fully set forth herein.

14.     The acts alleged above constituted punishing a citizen for speaking to a law officer, an arrest without probable cause, an unlawful seizure and the use of excessive force, in violation of the rights of the Plaintiff guaranteed by the United States Constitution, particularly the First, Fourth, Fifth and Fourteenth Amendments thereto.

15.     The defendant Deputies did further deprive Plaintiff of his rights under the Fifth Amendment of the United States Constitution, by depriving him of his liberty without due process of law.

16.     Further, defendant COUNTY OF IMPERIAL, through its Sheriff's department, has an unlawful policy, custom or habit of inadequately screening, training, retaining, disciplining and supervising its police officers, including defendant Doe Officers, proximately causing the constitutional violations alleged above, entitling Plaintiff to damages pursuant to Title 42 U.S.C. Section 1983 and Title 42 U.S.C. Section 1985(3).

17.     In committing the acts alleged above, defendant Doe Deputies acted maliciously and were guilty of a wanton and reckless disregard for the rights and safety of Plaintiff,

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1  and by reason thereof, Plaintiff demands exemplary and punitive damages in an

2  amount to be proven at the time of trial.

3                          SECOND CAUSE OF ACTION

4           (CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS)

5

6  18.    Plaintiff realleges and incorporates by reference each and every allegation

7  contained in paragraphs 1 through 11 above as though fully set forth herein.

8  19.    Defendant Deputies and the defendant COUNTY OF IMPERIAL, conspired

9  among themselves and with others, and in furtherance of that conspiracy, did deprive

10 Plaintiff of his right to equal protection of the laws, due process and his rights

11 guaranteed to him by the First, Fourth and Fourteenth Amendments to the United

12

13 States Constitution, in violation of 42 U.S.C. Section 1985(3).

14 20.    Defendant Doe Deputies, as well as defendant COUNTY OF IMPERIAL, did

15 further conspire among themselves and with others, and in furtherance of that

16 conspiracy, did deprive Plaintiff of his rights under the Fifth Amendment of the United

17

18 States Constitution, by depriving him of his liberty without due process of law.

19 21.    Further, defendant COUNTY OF IMPERIAL, through its Sheriff's Department,

20 has an unlawful policy, custom or habit of inadequately screening, training, retaining,

21 disciplining and supervising its officers, including defendant Doe Deputies,

22

23 proximately causing the constitutional violations alleged above, entitling the Plaintiff

24

25

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

decedent to damages pursuant to Title 42 U.S.C. Section 1983 and Title 42 U.S.C. Section 1985(3).

### THIRD CAUSE OF ACTION

#### (Assault and Battery)

22.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21, as though fully set forth herein.

22.    Defendant Doe Deputies, while in the course and scope of their employment and without any justification, used excessive force upon Lance Ricotta cuffing him tightly, causing him to fall, to be catapulted within the boat, kicked and to be burned. Also without any justification, Defendants threatened Ricotta with grievous harm within the jail system of the Imperial County Jail with the purpose of causing him mental anguish.

23.    In committing the acts alleged above, Defendants acted maliciously and were guilty of a wanton and reckless disregard for the rights and safety of Plaintiff. And by reason thereof, Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

#### (False Arrest/Unlawful Seizure)

24.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 23 as though fully set forth herein.

25.     The Plaintiff was arrested for allegedly creating an unlawful "wake" with his watercraft. Plaintiff did not create an unlawful wake and was arrested by the use of the wake pretext to punish him for having requested the officers to slow down while in the inlet area earlier. The arrest of the Plaintiff caused him great mental anguish in addition to his physical injuries.

26. As a proximate result of the intentional acts and negligence alleged herein, Plaintiff suffered the injuries alleged above and, therefore, is entitled to damages in an amount to be shown at the time of trial.

27.     In committing the acts alleged above, Defendants acted maliciously and were guilty of a wanton and reckless disregard for the rights and safety of Plaintiff, and by reason thereof, Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Negligence)

28.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 as though fully set forth herein.

29.     By reason of the acts of Defendants alleged above, Defendants, and each of them, were negligent and breached their duty of due care owed to Plaintiff.

30.     As a proximate result of the acts and negligence alleged herein, Plaintiff suffered the injures alleged above and, therefore, is entitled to damages in an amount to be proven at the time of trial.

SIXTH CAUSE OF ACTION

(Negligent Hiring, Training, Retention

and Supervision)

31.     Plaintiff realleges and incorporate by reference each and every allegation contained in paragraphs 1 through 11 above as though fully set forth herein.

32.     On information and belief, Plaintiff alleges that defendant COUNTY OF IMPERIAL, through its Sheriff's Department, was negligent in the hiring, training, retention, discipline and supervision of Defendant Doe Deputies and others proximately causing the injuries and damages alleged above.  Said omissions and failures are the result of the conscious implementation of a policy that is deliberately indifferent to the effects on the public and Plaintiff of false arrests, excessive force and negligent injuries to restrained persons being transported.

33.     By reason of the acts of Defendants alleged above, Defendants, and each of them, were negligent and breached their duty of due care owed to Plaintiff.

34.     As a proximate result of the negligence as alleged above, the Plaintiff is entitled to damages in an amount to be proven at trial.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendants, except the County of Imperial, in an amount to be proven at trial;

3. For costs of suit herein; including reasonable attorneys fees; and

4. For such other and further relief as the Court deems just and proper.

DATED: June 21, 2013

_____

John H. Serrano
Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

Demand is made by plaintiff for a trial by jury pursuant to Rule 38(a) of Federal Rules of Civil Procedure.

DATED:


_____

John H. Serrano                                        Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS