John P. McCormick, Esq. (SBN 38064)
Konrad M. Rasmussen, Esq. (SBN 157030)
Nicole Barvie, Esq. (SBN 282352)
McCORMICK & MITCHELL
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel:  (619) 235-8444
Fax:  (619) 294-8447

**Attorneys for Defendant COUNTY OF IMPERIAL**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE RICOTTA, | Case No.: 13 CV 1454 DMS WVG |
| Plaintiff, | **ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | |
| COUNTY OF IMPERIAL, CA; DOES 1 to 20, Inclusive, | |
| Defendants. | |

## GENERAL ALLEGATIONS

1. Defendant admits the allegations of paragraph 1 of the First Amended Complaint.

2. Defendant lacks sufficient information to admit or deny the allegations of paragraph 2 of the First Amended Complaint, and on that basis denies said allegations.

3. Defendant lacks sufficient information to admit or deny the

allegations of paragraph 3 of the First Amended Complaint, and on that basis denies said allegations.

4.   Defendant admits the allegations of paragraph 4 of the First Amended Complaint.

5.   Defendant lacks sufficient information to admit or deny the allegations of paragraph 5 of the First Amended Complaint, and on that basis denies said allegations.

6.   Defendant denies the allegations of paragraph 6 of the First Amended Complaint.

7.   Defendant lacks sufficient information to admit or deny the first paragraph 7 of the First Amended Complaint, and on that basis denies said allegations.  Defendant denies each and every one of the remaining allegations of paragraph 7 of the First Amended Complaint.

8.   Defendant denies the allegations of paragraph 8 of the First Amended Complaint.

9.   Defendant denies the allegations of paragraph 9 of the First Amended Complaint.

10.   Defendant denies the allegations of paragraph 10 of the First Amended Complaint.

11.   Defendant denies the allegations of paragraph 11 of the First Amended Complaint.

12.   Defendant denies the allegations of paragraph 12 of the First Amended Complaint.

///

///

## FIRST CAUSE OF ACTION
## (VIOLATION OF CIVIL RIGHTS)

13. Defendant incorporates by reference all preceding paragraphs of this Answer as though set forth fully herein.

14. Defendant denies the allegations of paragraph 14 of the First Amended Complaint.

15. Defendant denies the allegations of paragraph 15 of the First Amended Complaint.

16. Defendant denies the allegations of paragraph 16 of the First Amended Complaint.

17. Defendant denies the allegations of paragraph 17 of the First Amended Complaint.

## SECOND CAUSE OF ACTION
## (CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS)

18. Defendant incorporates by reference all preceding paragraphs of this Answer as though set forth fully herein.

19. Defendant denies the allegations of paragraph 19 of the First Amended Complaint.

20. Defendant denies the allegations of paragraph 20 of the First Amended Complaint.

21. Defendant denies the allegations of paragraph 21 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense, defendant asserts the First

Amended Complaint, and every purported cause of action in the First Amended Complaint, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a Second Affirmative Defense, defendant asserts that plaintiff has failed to allege or establish the violation of any clearly established constitutional rights of plaintiff and therefore plaintiff fails to state any cause of action against this answering defendant.

## THIRD AFFIRMATIVE DEFENSE

As a Third Affirmative Defense, defendant asserts that plaintiff has failed to allege or establish any deprivation of a constitutionally protected liberty interest of plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

As a Fourth Affirmative Defense, defendant asserts that plaintiff's claims are barred by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

As a Fifth Affirmative Defense, defendant asserts that plaintiff's claims are barred by Doctrine of Qualified Governmental Immunity.

## SIXTH AFFIRMATIVE DEFENSE

As a Sixth Affirmative Defense, defendant, and each of its agents, employees and representatives had probable cause to detain and/or arrest plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Affirmative Defense, defendant County of Imperial cannot be held liable for the actions of individual employees under 42

U.S.C. § 1983 or 42 U.S.C. §1985 based on a theory of *respondeat superior. See Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691 (1978).

## EIGHTH AFFIRMATIVE DEFENSE

As an Eighth Affirmative Defense, defendant asserts that at all times alleged in the First Amended Complaint, the County of Imperial and its employees, agents and representatives acted in good faith, without malice and within the scope of the duties of law enforcement officers of the defendant public entity.

## NINTH AFFIRMATIVE DEFENSE

As a Ninth Affirmative Defense, defendant asserts any damages incurred by plaintiff were directly and proximately caused or contributed to by plaintiff's own actions.

## TENTH AFFIRMATIVE DEFENSE

As a Tenth Affirmative Defense, defendant alleges that if it is held liable for damages to plaintiff or any other party in any amount that defendant is only severally liable in an amount equal to its apportioned share of liability for any damages suffered by the plaintiff or any other party.  The fault, if any, of defendant should be compared with the fault of other defendants or third parties and damages, if any, should be apportioned among the defendants or other parties in direct relation to each defendant's or party's comparative fault.  Defendant should be obligated to pay only such damages, if any, which are directly attributable to its percentage of comparative fault.  To require defendant to pay any more than its percentage of comparative fault

violates equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of California.

### ELEVENTH AFFIRMATIVE DEFENSE

As an Eleventh Affirmative Defense, defendant allege that plaintiff, has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and that, therefore, plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part or by expenditures which might reasonably have been made, and, therefore, plaintiff's recovery, if any, should be reduced by the failure to mitigate damages, if any there be.

### TWELFTH AFFIRMATIVE DEFENSE

As a Twelfth Affirmative Defense, plaintiff herein is barred from any recovery from any defendant herein for any loss, injury, or damage resulting from any force either actually employed or about which defendant warned, in that any and all such force was legal, proper, justified, and necessary both for the self-defense and protection of each of the named defendants herein or its/their employees, agents and/or representatives and/or other individuals and also in order to overcome plaintiff's unlawful, and dangerous attempts to resist a lawful detention and/or arrest.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a Thirteenth Affirmative Defense, this answering defendant is informed and believes, and thereon alleges, that certain additional affirmative defenses are available to it. Said affirmative defenses will require additional discovery or investigation before they can be properly alleged. This answering defendant will move to amend its

1 Answer to the First Amended Complaint to allege such affirmative
2 defenses once it has been fully ascertained and can be properly
3 pleaded. Such affirmative defenses are not being brought at this time
4 for such reasons.

**WHEREFORE,** defendant prays for judgment as follows:

(1) That plaintiff take nothing by way of his First Amended Complaint;

(2) For costs of suit;

(3) For attorney's fees and other expenses;

(4) For such other and further relief as the court deems just and proper.

McCORMICK & MITCHELL

/s/ John P. McCormick

DATE:  October 28, 2013    _____

John P. McCormick
Konrad M. Rasmussen
Nicole Barvie
Attorneys for Defendant
COUNTY OF IMPERIAL